# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| RAINE HALL, as Personal Representative of the Estate of David Hall,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.<br><br>COMPLAINT |

Plaintiff RAINE HALL, for his claims for relief against Defendant UNITED STATES OF AMERICA, alleges and pleads as follows:

## I. JURISDICTION AND VENUE

1.1     The claims herein are brought against the United States in U.S. District Court pursuant to 28 U.S.C. §1346(b), and 28 U.S.C. §2671 *et seq.*, for money damages as compensation for wrongful death and personal injuries that were caused by the negligent acts and omissions of employees or agents of the United States while acting within the scope of their

COMPLAINT- 1

SCHAUERMANN, THAYER
JACOBS & STAPLES, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244

offices, employment or agency, under circumstances where the United States, if a private person, would be liable to Plaintiffs in accordance with the laws of the State of Oregon.

1.2 Venue is proper in that all, or a substantial part of the acts, omissions and injuries forming the basis of these claims occurred in Hood River County, in the District of Oregon. 28 § U.S.C. 1402(b).

1.3 Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act, as further described in Section III below.

## II. PARTIES

2.1 On August 22, 2017, Plaintiff Raine Hall was duly appointed Personal Representative of the estate of his deceased father, David Hall, in the Circuit Court of Hood River County, Oregon. Plaintiff is a resident of San Diego County, California.

2.2 The United States of America is a governmental entity, and is responsible by law for the tortious conduct of its employees under 28 U.S.C. §1346, and 28 U.S.C. §2671 *et seq.* The United States Department of Agriculture/U.S. Forest Service is an agency of the United States Government and the United States is the proper defendant in suits under the Federal Tort Claims Act for the negligence of federal employees in the course and scope of their employment.

## III. SERVICE OF CLAIM FOR DAMAGE, INJURY OR DEATH

3.1 Plaintiff properly served a Claim for Damage, Injury or Death (Standard Form 95) on the U.S. Department of Agriculture, and the U.S. Forest Service (hereinafter "the Forest Service"), on July 27, 2018, via mailing of the claim forms and supporting documentation to USDA Forest Service office located at 101B Sun Avenue NE in Albuquerque, New Mexico.

SCHAUERMANN, THAYER
JACOBS & STAPLES, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244

3.2   More than six months have elapsed since service of the Claims for Damage, Injury or Death.

3.3   The U.S. Department of Agriculture Office of General Counsel mailed, via certified mail, a letter dated February 15, 2019, denying Plaintiff's claims.

3.4   All requirements for the filing of the Claim for Damage, Injury or Death under the Federal Tort Claims Act have been fulfilled and this matter is properly before the Court. This lawsuit is filed prior to the expiration of six months from the date of the Dept. of Agriculture's denial letter, pursuant to 28 U.S.C. §2401.

## IV. FACTS

4.1   Plaintiff's decedent, David Hall, died on the afternoon of June 26, 2017, in a motorcycle crash that occurred near milepost 62 on Highway 35, near Mt. Hood, in Oregon.

4.2   On the day of, and at the time of David Hall's death, Denise Hilkey was working in her capacity as an employee of the U.S. Forest Service.

4.3   At some point before 10:00 a.m. on June 26, 2017, Ms. Hilkey drove a U.S. Forest Service pickup truck to Tum-A-Lum Lumber, which was in Hood River, to get a load of wood. This errand was in the course and scope of her job with the U.S. Forest Service.

4.4   After Ms. Hilkey arrived at Tum-A-Lum, an employee of Tum-A-Lum used a forklift to load lumber onto the top rack of the U.S. Forest Service truck, consisting of two bundles of 2"x12"x10'. The bundles were banded and wrapped in white plastic. The smaller bundle was placed on top of the larger one. The Tum-A-Lum employee then assisted Ms. Hilkey in loading some plywood into the truck bed.

4.5   The Tum-A-Lum employee then advised Ms. Hilkey to secure the load of wood.

COMPLAINT- 3

SCHAUERMANN, THAYER
JACOBS & STAPLES, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244

4.6   Ms. Hilkey did not secure the load of wood to her truck.

4.7   At approximately 10:00 a.m. Ms. Hilkey Drove from Tum-A-Lum to Pine Grove Pit Stop to fuel the truck, then drove to the U.S. Forest Service Parkdale Work Center to do some office work. Sometime before 1:00 pm, she left that office in order to make it to a 1:00 p.m. appointment at Bear Springs.

4.8   On the way to Bear Springs, as she was heading down a hill near milepost 62 on Highway 35, Ms. Hilkey heard the bundle of lumber atop her truck start to slide. She braked, and watched in her side mirror as the lumber hit the roadway and the bundles broke apart, scattering over both lanes of the road.

4.9   As David Hall, who was riding a Harley-Davidson motorcycle, rounded a bend in the roadway at that location heading northbound (the direction opposite the way Ms. Hilkey had been driving, he suddenly encountered the lumber strewn across the roadway that had spilled from the U.S. Forest Service truck. David Hall was unable to avoid striking some of the spilled lumber in his lane of travel, which resulted in him losing control of his motorcycle and crashing.

4.10   Almost immediately after she observed the bundles of wood scatter on the roadway, Ms. Hilkey observed David Hall's motorcycle wobble and go to the ground in the area of the spilled wood.

4.11   Several people, some with medical training, arrived on scene shortly after the crash and started rendering aid to David Hall. After 20-30 minutes of resuscitation efforts, a surgeon who had come to the scene declared David Hall deceased. David Hall was been conscious and breathing for approximately 10 minutes after the crash, before dying from his injuries.

COMPLAINT- 4

SCHAUERMANN, THAYER
JACOBS & STAPLES, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244

4.12    During subsequent law enforcement investigation of the crash, Ms. Hilkey told a member of the Oregon State Patrol that her intention had been to take the load of lumber to the U.S. Forest Service office and unload it, but that while at the office she got the call to go out to Bear Springs, got in the truck, and took off, not remembering to unload or secure the load of lumber on the top of her truck.

## V. LIABILITY

5.1    The United States is responsible for the tortious acts, omissions, and conduct of its employees and agents acting in the course and scope of their employment or agency, under the Federal Tort Claims Act; under the Act the United States is liable because, if the United States were a private person, it would be liable to Plaintiff in accordance with the laws of the State of Oregon.

5.2    Denise Hilkey, an employee and/or agent of the United States, was negligent under Oregon law, in that she failed in her duty to use reasonable care. Specifically, she failed to secure the load of lumber to the truck so as to prevent it from spilling upon the roadway, and failed to heed the warning of the employee of Tum-A-Lum on that subject, when she knew or should have known that failure to secure the load of lumber posed an unreasonable risk of harm to other drivers on the roadway.

5.3    Denise Hilkey, an employee and/or agent of the United States, violated Oregon statutes, specifically ORS 818.300, which provides that it is an offense to operate any vehicle that is loaded so as to allow its contents to drop, sift, leak or otherwise escape therefrom.

5.4    Other employees and/or agents of the United States were negligent under Oregon law, in that they failed in their duty to use reasonable care in training Denise Hilkey to recognize situations in which loads being transported ought to be secured to vehicles, and how to secure

COMPLAINT- 5

SCHAUERMANN, THAYER
JACOBS & STAPLES, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA  98661
(360) 695-4244

those loads, when they knew or should have known that failure to do so posed an unreasonable risk of harm to other drivers on the roadway.

## VI. DAMAGES

6.1  As a direct and proximate result of the tortious acts, omissions, and conduct of the agents or employees of the United States, decedent David Hall died on June 26, 2017.

6.2  As a direct and proximate result of the tortious acts, omissions, and conduct of the agents or employees of the United States on June 26, 2017, decedent David Hall suffered severe physical and mental pain, anguish and suffering as a result of multiple blunt traumas to the bones and soft tissues of the decedent's head and other body parts prior to his death. As a direct and proximate result of the pain, suffering, and general impairment of the decedent's capacity to enjoy life, decedent David Hall suffered non-economic damages of $500,000.00, or such sum as determined according to proof at trial.

6.3  As a direct and proximate result of the tortious acts, omissions, and conduct of the agents or employees of the United States, the decedent's estate has suffered economic damages, including but not limited to property damage, burial expenses, and lost accrual of income, in the approximate amount of $312,360.00, or such sum as determined according to proof at trial.

6.4  As a direct and proximate result of the tortious acts, omissions, and conduct of the agents or employees of the United States, Plaintiff Raine Hall, individually and in his capacity as a surviving offspring of the decedent, together with the remaining offspring of decedent David Hall, all of whom have survived the premature and wrongful ending of David Hall's life, have suffered and will continue to suffer emotional and psychological sequelae, and the loss of the society, companionship, and services of decedent David Hall. Therefore, Plaintiff Raine Hall, in his capacity as personal representative of the estate of decedent David Hall, and on behalf of decedent's other offspring, is entitled to recover further non-economic damages in the amount of

COMPLAINT- 6

SCHAUERMANN, THAYER
JACOBS & STAPLES, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244

$2,000,000.00, or such sum as determined according to proof at trial.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendant for general/non-economic, special/economic, loss of consortium, and other damages as allowed by law, for attorney's fees and costs incurred in maintaining this action, for prejudgment interest and for such other relief as the Court deems just.

DATED this 22 day of March, 2019.

*/s/ Scott A. Staples*

SCOTT A. STAPLES, OSB 132572
Of Attorneys for Plaintiffs
Schauermann, Thayer, Jacobs & Staples, P.S.
1700 E Fourth Plain Blvd.
Vancouver, WA 98661
Telephone: (360) 695-4244
Fax: (360) 696-0583
e-mail: scotts@stjs.com

COMPLAINT- 7

SCHAUERMANN, THAYER
JACOBS & STAPLES, PS
1700 E. FOURTH PLAIN BLVD.
VANCOUVER, WA 98661
(360) 695-4244